By the Court.
The question here is not whether a married woman, by a verbal executory agreement to pay the *537 •■debt of her husband, can charge her separate estate in lands; nor whether her promise was without consideration, or benefit to herself or her separate estate; but whether the wife, where she has induced the buyer to purchase her own land by a verbal agreement that he might deduct from the purchase money a debt due to him from her husband, can, after the contract is executed by a conveyance of the land, repudiate the contract as to the debt of her husband. A married woman is not inhibited from voluntarily paying bier husband’s debts out of her own means or property; and where she induces a buyer to purchase lands owned in her own right, by verbally agreeing that he may deduct from the price a debt due to him from her husband—thus paying the husband’s debt—she can not, after the execution of the agreement by a conveyance of the land by herself and husband, repudiate the agreement as to the husband’s debt, and compel the purchaser to pay to her the entire contract price of the land.
The District Court did not err in reversing the judgment of the Common Pleas.

Motion overruled.